250 So.2d 94 (1971)
ZURICH INSURANCE COMPANY et al.
v.
FAIRMONT ROOSEVELT HOTEL, INC.
No. 4469.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
Rehearing Denied July 15, 1971.
*95 Normann & Normann, Frank S. Normann, New Orleans, for plaintiffs-appellants.
Deutsch, Kerrigan & Stiles, Frederick R. Bott, New Orleans, for defendant-appellee.
Before TAYLOR, STOULIG, and BOUTALL, JJ.
TAYLOR, Judge.
This is a suit by Zurich Insurance Company and the Travelers Insurance Company, the conventional subrogees of their insured, Coopchik-Forrest, Inc., for the value of certain fine furs which were allegedly stolen from the possession of one of Coopchik's salesman while a guest at defendant's hotel. After trial on the merits, the lower court rendered judgment in favor of plaintiffs in the amount of $100.00 together with legal interest and all costs. From this judgment plaintiffs prosecute the present appeal seeking an increase in the award granted. Defendant has answered plaintiffs' appeal seeking to have the judgment amended by deleting the award of legal interest and costs on the grounds that plaintiffs did not make amicable demand *96 on defendant prior to filing suit and that as soon as defendant became aware that a judicial claim was being asserted by plaintiffs a tender of $100.00 was made by defendant which tender was refused by plaintiffs.
On November 3, 1966, Samuel Weinstein, a salesman employed by Coopchik-Forrest, Inc., was a registered guest at the Fairmont Roosevelt, a hotel owned and operated by the defendant corporation. Mr. Weinstein was a salesman of fine furs and was in New Orleans on the business of his employer for the purpose of contacting the representatives of certain better department stores relative to the purchase of his merchandise. In order that his prospective customers might inspect the furs which Coopchik-Forrest, Inc. offered for sale, Mr. Weinstein brought 51 pieces of fine fur with him. These furs he kept in his hotel room at all times.
On the aforementioned date, Mr. Weinstein left his hotel room at approximately 11:15 A.M. as he had an appointment with a potential buyer. Upon his return at approximately noon, he discovered that all 51 pieces of fur had been removed from the room. There were no signs of forced entry and, in fact, Mr. Weinstein testified that the door to the room was locked when he returned and that he had to use his key to gain entry thereto.
Immediately after the robbery was discovered the management of the hotel was notified as was the New Orleans Police Department. However to date no further information has been obtained relative to the identity of the party or parties responsible for the theft.
Plaintiffs urge before this court, as they did before the trial court, that defendant is liable for the full value of the furs which were lost. It is plaintiffs' position that defendant was grossly negligent in not providing adequate security for Mr. Weinstein's valuable merchandise. Furthermore plaintiffs contend that because of this gross negligence, defendant should not be allowed to limit its liability under LSA-C. C. art. 2971 to $100.00 for the missing furs.
Defendant on the other hand contends that LSA-C.C. arts. 2968, 2969, and 2971 are dispositive of the issues involved. Defendant argues that it maintained a safety deposit vault on the premises where the valuables of all guests could be deposited for safekeeping. Furthermore, defendant alleges that notice was posted in a conspicuous place so informing the guest. Since Mr. Weinstein did not take advantage of this safety deposit vault and since further notice was posted pursuant to the terms of LSA-C.C. art. 2971, defendant argues that it is justified in limiting its liability to $100.00.
The facts in this case are essentially not in dispute and we are consequently called upon to decide a question of law only, that question being whether or not defendant's liability is limited pursuant to the terms of LSA-C.C. art. 2971 to $100.00 for the lost furs. We are of the opinion that it is.
LSA-C.C. arts. 2968 and 2969 provide respectively as follows:
"Every landlord or keeper of a public inn or hotel, shall be required to provide with an iron chest or other safe deposit for valuable articles belonging to his guests or customers, and each landlord or hotel keeper shall keep posted upon his doors and other public places in his house of entertainment, written or printed notices to his guests and customers that they must leave their valuables with the landlord, his agent or clerk, for safe keeping, that he may make safe deposit of the same in the place provided for that purpose."
"Every landlord, hotel or inn keeper who shall comply with the requirements of the preceding articles [article], shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small *97 compass, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent, for deposit, unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel; provided, however, that the provisions of this article shall not apply to a wearing watch, or such other articles of jewelry as are ordinarily worn about the person."
The record establishes beyond any question that the Fairmont Roosevelt maintained safety deposit boxes adequate for the deposit of small articles of value. In addition the hotel maintained a second depository for larger articles of valuea cage with iron bars unquestionably large enough to accommodate Mr. Weinstein's merchandise had he replaced the furs in the three suit cases in which he stored them for travel. Moreover the testimony of the former assistant manager of the Fairmont Roosevelt was uncontradicted and established that fur salesmen have indeed utilized this cage-like vault facility for the storage of their merchandise.
Plaintiffs argue however that Mr. Weinstein was justified in not utilizing the vault facilities because as to him the room he occupied was a vault. Plaintiffs base this contention on the fact that Mr. Weinstein was staying in one of the special rooms used by salesmen to display their merchandise for inspection by their customers. This display room was equipped with a "plug lock" which could only be opened with a special key. The record reflects that there were only three keys capable of opening the door to Mr. Weinstein's room. One key was in Mr. Weinstein's possession, one in the engineering department of the hotel and one at the front desk which had to be signed for when someone removed it. Plaintiffs contend that the fact that the room could not be opened by general hotel personnel but only by someone with a special key converted it into a vault. From this point plaintiffs argue that defendant was negligent in not adequately insuring that the two keys in its possession did not fall into the wrong hands. Such negligence it is argued prevents defendant from asserting the limitation of liability provision of LSA-C.C. art. 2971. We find this position untenable.
Mr. Weinstein's room was not a substitute vault. When Mr. Weinstein left his room he had the option of placing his furs in the vault of the hotel or of requesting that a hotel security man be sent to his room to guard the furs until his return, a service which the hotel would readily have provided. Mr. Weinstein did neither. However in our opinion, it is immaterial to a decision of this case whether Mr. Weinstein's room constituted a vault or whether the main vault facilities of the hotel were adequate for storing these valuable furs.
The record establishes beyond a doubt that the following notice was displayed in Mr. Weinstein's room in a conspicuous place.
"NOTICE TO OUR GUESTS
"In accordance with Article 2968 of the Revised Civil Code of Louisiana, we have provided safety deposit boxes for valuable articles belonging to our guests, and our guests are hereby notified that they must leave their valuables with us so that we may make safe deposit of said valuables in the place provided for the purpose.
"Revised Civil Code 2971. `Limitation on liability of innkeeperNotice.No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.

*98 "Provided that no guest shall be held bound by the limitation of value established in this article unless this article is conspicuously posted in the guest room. (As amended, Acts 1912, No. 231.)'"
It is thus evident that defendant has complied with the terms of LSA-C.C. art. 2971 which provides as follows:
"No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.
"Provided that no guest shall be held bound by the limitation of value established in this Article unless this Article is conspicuously posted in the guest room."
Yet plaintiffs argue that defendant was negligent and because of this negligence the Fairmont Roosevelt may not avail itself of the protection of the above-quoted article. We cannot agree.
LSA-C.C. arts. 2966 and 2967 establish the maximum liability of the innkeeper for the effects of his guest as follows:
"An innkeeper is responsible for the effects brought by travelers, even though they were not delivered into his personal care, provided however, they were delivered to a servant or person in his employment."
"He is responsible if any of the effects be stolen or damaged, either by his servants or agents, or by strangers going and coming in the inn."
This liability is not contingent upon the negligence of the innkeeper but is a strict liabilitya liability without faultwhich is modified only when the innkeeper complies with the terms of either LSA-C.C. art. 2968 or LSA-C.C. art. 2971 or both. Defendant in this case complied with the terms of both LSA-C.C. art. 2968 and LSA-C.C. art. 2971 to the letter. Accordingly, regardless of whether or not defendant was negligent in any way the liability of the Fairmont Roosevelt is limited to $100.00 for these lost furs. Pfennig v. Roosevelt Hotel, La.App., 31 So.2d 31 (1947).
Since defendant does not ask us to reverse the judgment of the lower court but only to amend it in the way we have previously mentioned, (by deleting the award of legal interest and costs), we need not discuss whether defendant was negligent. Defendant's negligence would be relevant if defendant were arguing complete freedom from liability pursuant to the terms of LSA-C.C. art. 2969 because it had complied with the terms of LSA-C.C. art. 2968. But since defendant asserts that the trial court was correct in casting defendant in judgment in the amount of $100.00 we will not reach this issue.
We are however unable to grant the amendment to the judgment which defendant seeks. There is nothing in the testimony of the record to indicate that a tender of $100.00 was made to plaintiffs at any time. Therefore the judgment of the trial court must be affirmed in its entirety.
For the foregoing reasons the judgment of the lower court is affirmed. Costs of this proceeding to be borne by plaintiffs-appellants.
Affirmed.