253 So.2d 213

**ZURICH INSURANCE COMPANY et al.**

v.

**FAIRMONT ROOSEVELT HOTEL, INC.**

No. 51680.

Oct. 18, 1971.

In re: Zurich Insurance Company and Travelers Insurance Company applying for

certiorari, or writ of review, to the Court of Appeal, Fourth Circuit, Parish of Orleans. 250 So.2d 94.

Writ refused. The judgment is correct.

BARHAM, J., dissents from the refusal and assigns written reasons.

TATE, J., joins in BARHAM, J., dissent.

DIXON, J., is of the opinion that writs should be granted.

BARHAM, Justice (dissenting from refusal to grant writ).

Civil Code Articles 2965–2971 make effects brought by travelers into a hotel or inn "necessary" deposits and impose absolute liability upon the landlord or innkeeper as depositary. Article 2971 limits, upon compliance with its mandate, the innkeeper's *strict* liability as a depositary to $100.00. Article 2969 permits the innkeeper to be released from responsibility for jewelry and "other valuable articles of such description as may be contained *in small compass*". (Emphasis mine.) Article 2969 expressly states, however, that the protection there afforded in the case of small, valuable objects will not apply if the innkeeper or his employees are guilty of "fraud or negligence".

The property stolen from the traveler in the instant case, furs, is not covered by

Article 2969. If the relators relied upon the depositary's absolute liability, they would be limited to the recovery of $100.00 since there was no special agreement for excess liability with the hotel and since the hotel had complied with the requirements of Civil Code Article 2971 that it post conspicuously in the guest rooms a notice of its limitation of loss. However, relators do not seek to recover from the hotel under these Civil Code articles treating "necessary deposit", but instead seek to recover under Article 2315, alleging the *negligence* of the hotel. The hotel is unable to limit or escape its liability for its *negligence*, which is the proximate cause of the loss of the guest's effects here.

The French and Louisiana Civil Codes have treated the necessary depositary as an insurer. Historically, our Legislature has attempted to relax the innkeeper's *strict* liability as depositary, but never to exempt him from liability for his own *negligence*. 22 Tulane L.Rev. 333.

The Code is clear and explicit in its intent, history and doctrine support that intent, and there is no line of jurisprudence to the contrary. Cf. Pfennig v. Roosevelt

Hotel, 31 So.2d 31 (La.App.Orl.1947). I submit the Court of Appeal opinion is an incorrect statement of the law.