398 So.2d 1374 (1981)
Paulette Laubie, wife of/and Andre LAUBIE
v.
SONESTA INTERNATIONAL HOTEL CORPORATION et al.
No. 80-CC-2646.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied June 22, 1981.
*1375 E. Gordon Schaefer, Jr., New Orleans, for plaintiffs-appellants.
Edward P. Lobman, Metairie and Victor J. Burnstein, of Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for defendants-appellees.
DENNIS, Justice.
The United States Court of Appeals for the Fifth Circuit certified to us for our opinion certain questions of state law. Laubie v. Sonesta International Hotel Corp., 626 F.2d 1324 (5th Cir. 1980). We accepted certification. Rule 12 of the Supreme Court of Louisiana; La.R.S. 13:72.1. Before answering, we set forth from the Court of Appeals' opinion its prefatory remarks, a statement of the case, and the questions certified.

Prefatory Section of Opinion by Court of Appeals, Fifth Circuit
"This appeal presents important issues of Louisiana state law that are particularly appropriate for resolution by the Louisiana Supreme Court. The plaintiffs, French nationals, allege that, while they were guests at the Royal Sonesta Hotel in New Orleans, Louisiana, burglars entered their room by severing a chain lock and stole their jewelry, valued at $50,000. Contending the defendants were negligent, they seek to recover the amount of their loss from the hotel and three of its executive officers and from the insurer that insured all of the defendants. The defendants invoke Article 2971, Louisiana Civil Code, which limits innkeepers' liability to $100, and contend that the federal court lacks jurisdiction because its jurisdiction over diversity suits is limited to cases involving more than $1,000. 28 U.S.C. § 1332.
"The dismissal of the innkeeper is not contested; however, the plaintiffs-appellants contend that Article 2971 does not apply to the innkeeper's employees. So far as we can determine, no Louisiana appellate court has decided whether the limitation of liability in Article 2971 extends not only to the innkeeper but also to its officers and employees.
"We defer decision on this question and certify the issues to the Supreme Court of Louisiana. Following our practice, we requested that the parties submit a proposed agreed certificate of issues for decision. Commendably, they have reached full agreement upon them. Since we also agree that these are the substantive issues presented, we submit the parties' statement of facts and issues hereby, disclaiming, however, any intention or desire that the Supreme Court of Louisiana confine its reply in the precise form or scope of the question certified. See Allen v. Estate of Carmen, 446 F.2d 1276 (5th Cir. 1971)."

STATEMENT OF THE CASE
"On or about May 22, 1976, the Laubies were paying guests at the Royal Sonesta Hotel, which at all material times was under the management and control of Sonesta. The Laubies are citizens of France and had occasion to be in the United States on the time in question as a part of the entourage accompanying the visit to New Orleans by the French President, Valery Giscard d'Estaing.
"After a party in the French President's honor on the evening of May 21, 1976, the Laubies retired to their hotel room at the Royal Sonesta Hotel when, in the early morning hours of May 22, 1976, a robbery took place in their room, causing them to *1376 have taken from them valuable jewelry and jewels, including a watch, rings, etc.
"At all material times, the individual defendants were officers, directors, agents and/or employees of defendant, Sonesta.
"Appropriate claim was made for the value of the jewelry to defendant, Sonesta, which claim was refused, and this suit followed.
"Plaintiffs took precautions prior to retiring, including the locking of the door and the securing of the chain lock, in the early morning hours of May 22, 1976, by locking their hotel room doors, windows and securing the chain lock. Nevertheless, a person or persons unknown obtained entry to the room of the Laubies by opening the door and severing the chain lock, and made off with the jewelry above-described.
"At all material times, the Royal Sonesta Hotel provided a safety deposit vault for the use of its patrons in accordance with the applicable Louisiana Civil Code Articles."

QUESTIONS CERTIFIED
1. If the negligence of an officer or employee of an innkeeper results in a loss to the property of the innkeeper's guests by theft while the guests are resident in the inn, is the liability of the negligent person limited to $100 by Article 2971, Louisiana Civil Code?
2. More particularly, the Louisiana intermediate courts have held that Article 2971 of the Civil Code, as reenacted by Act 231 of 1912, provides a limitation not only for the innkeeper's strict liability as a depositary but also to his liability for loss occasioned through the theft or negligence of his employees. Zurich Insurance Co. v. Fairmont Roosevelt Hotel, Inc., 250 So.2d 94 (La.App. 4 Cir. 1971); Pfennig v. Roosevelt Hotel, 31 So.2d 31 (La.App.Orl.1947). If indeed this is so, but see Note, Innkeepers Limitation of Liability for Loss of Guests' Property, 22 Tul.L.Rev. 333 (1947), was the statutory intent of the 1912 amendment of Article 2971, in the light of the statutory scheme of Articles 2965-2971 with regard to an innkeeper's liability, also to limit the liability of the innkeeper's employees for loss occasioned through their own "fraud or negligence," Article 2969?

Opinion of This Court
Careful consideration of the questions certified begins with an evaluation of the notion that Article 2971 of the Civil Code limits an innkeeper's delictual liability, as well as his contractual liability as a depositary. Our examination of the Civil Code and doctrinal materials convinces us that the legislative aim of Article 2971, as amended by Act 231 of 1912, was only to limit the contractual liability of an innkeeper as depositary. Accordingly, since Article 2971 has no application to the question of an innkeeper's delictual responsibility, the answer to each question certified is "no."
Deposit is a contractual relationship created by the parties' mutual consent, whether actual or implied. La.C.C. arts. 2926, 2929, 2932, 2933; Comment, Bailment and Deposit in Louisiana, 35 La.L.Rev. 825, 828 (1975); 2 M. Planiol, Civil Law Treatise, pt. 2, nos. 2204-05 (11th ed. La.St.L.Inst. transl.1959). The necessary deposit is that in which the depositor has not been able to choose freely the person of the depositary, because he acts under an exigency, such as fire, flood, pillage or other casualty. La. C.C. art. 2964; 2 M. Planiol, supra, pt. 2, no. 2216. In principle, the necessary deposit is subject to the same rules as the ordinary deposit. 2 M. Planiol, supra, pt. 2, no. 2217. The law does not derogate from them except in the method of proof: in consideration of the haste in which the necessary deposit is made, the deposition on oath, or affirmation of a single competent or credible witness, may be sufficient to prove a necessary deposit, even when the value of the thing deposited exceeds five hundred dollars. La.C.C. art. 2964. Cf. 2 M. Planiol, supra, pt. 2, no. 2217.
An innkeeper is responsible as depositary for the effects brought by travelers who lodge at his house; the deposit of such effects is assimilated to or considered as a necessary deposit. La.C.C. art. 2965; 2 *1377 M. Planiol, supra, pt. 2, no. 2218. An innkeeper's liability as depositary, therefore, is governed by articles of the Civil Code applicable to deposit, and not by the precepts of delictual responsibility. Much of the confusion which has plagued our jurisprudence may be avoided by distinguishing between the contractual nature of deposit and delictual concepts. See Zurich Ins. Co. v. Fairmont Roosevelt Hotel, Inc., 259 La. 875, 253 So.2d 213 (1971) (Barham, J., dissenting); Segura v. United States Aircraft Ins. Group, 246 So.2d 880, 886 (La.App.3d Cir. 1971); Comment, 35 La.L.Rev. 831, 836 (1975).
The duty of a depositary is more onerous than that owed under a tortfeasor's standard of care, particularly if the depositary is compensated or if article 2938 is otherwise applicable. Segura v. United States Aircraft Ins. Group, supra; Comment, 35 La.L.Rev. at 841 (1975). For example, he is obliged to act as a prudent administrator; proof that the deposited articles were not returned or were returned in a damaged condition raises a presumption that the depositary has not fulfilled his obligation. La.C.C. arts. 1908, 2937-38; Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973).
Initially, the Civil Code placed a particularly severe responsibility on an innkeeper as a depositary. He was responsible for the effects of travelers even though they were not delivered into his personal care. La. Digest of 1808, art. 31. He was, and still is, responsible if any of his guests' effects are stolen or damaged, either by his servants or agents, or by strangers going and coming in the inn. La.C.C. art. 2967; La.C.C. of 1825, art. 2938; La. Digest of 1808, art. 32. The historical justification for making an innkeeper a virtual insurer of his guests' effects stemmed from the unavoidable reliance travelers had to place on his honesty and diligence. See Profilet v. Hall & Holdreth, 14 La.Ann. 524 (1859).
In view of changing social and economic conditions, with the increasing number of travelers to be lodged and the importance of objects which people take with them, the Civil Code articles pertaining to necessary deposit have been amended repeatedly to diminish innkeepers' exposure to liability as depositaries. See note, 12 Tul.L.Rev. 333 (1947); cf. 2 M. Planiol, supra, pt. 2, n. 2222. The 1825 Civil Code made an innkeeper's liability as depositary contingent upon a traveler's delivery of his effects to a servant or employee of the depositary. La.C.C. of 1825, art. 2937. The Civil Code of 1870 added articles providing that, except for items ordinarily worn about the person, an innkeeper cannot be held responsible for loss or damage to valuables which may be contained in small compass, if the innkeeper provides his guests with an iron safe or other safe deposit for valuables and posts notices that they are required to leave such articles with him for safe deposit, unless the loss occurs through the fraud or negligence of the innkeeper or his employee. La.C.C. arts. 2968 and 2969.
Article 2971 of the Civil Code of 1870 was amended and reenacted by Act No. 231 of 1912, to provide that an innkeeper shall not be "liable under the foregoing six articles" to guests or occupants for any loss or damage to their property in any sum exceeding one hundred dollars, if a copy of this article is conspicuously posted in the guest's room, unless a greater liability has been contracted for in writing. La.C.C. art. 2971 (as amended by 1912 La.Acts, No. 231). The plain meaning of the text is that an innkeeper's contractual liability as depositary is limited to $100 if he posts the notice properly and undertakes no greater contractual responsibility in writing. The words of the law specifically limit its application to an innkeeper's liability under Articles 2965-70, which relate only to his contractual obligations as a depositary. Nothing in the words of the statute, their location in the code of their related codal provisions suggests a legislative intent to place innkeepers and their employees in a more favored position than ordinary members of the public who must respond fully for breach of a delictual duty imposed by general law. The legislative history of an innkeeper's duty as depositary indicates that *1378 Article 2971, as amended, is merely another step to reduce his onerous contractual burden as a depositary. In view of its clarity, freedom from ambiguity and its historical development, we conclude that Article 2971, as amended, does not apply to an innkeeper's liability in tort but limits only his contractual responsibility as depositary for loss or damage of the property of a guest or occupant.
Our interpretation of Article 2971 is consistent with French law from which the original articles regarding innkeeper's liability in the Digest of 1808 were drawn. See Articles 2965-67, La.C.C.Comp.Ed., in 17 West's L.S.A.C.C. pp. 379-380 (1972); Note, 22 Tul.L.Rev., supra, at 334. Planiol commented that certain French legislation limited a guest's recovery to 1,000 francs unless he succeeded in proving, without the benefit of any presumption, specifically a fault committed by the innkeeper or one of his agents. Thus, he noted that the innkeeper was not exonerated from the consequences of a proven real fault. 2 M. Planiol, supra, pt. 2, no. 2222 at 280-81. The limitation of liability found in Article 1953, of the French Civil Code is expressly inapplicable when the guest demonstrates his harm resulted from a fault of the innkeeper of his employees. French Civ.Code art. 1953 (J. Crabb transl. 1977).
Accordingly, any language to the contrary in previous opinions of this court or of the courts of appeal must be disregarded. E. g., see Pfennig v. Roosevelt Hotel, supra; Zurich Ins. Co. v. Fairmont Roosevelt Hotel, Inc., 250 So.2d 94 (La.App. 4th Cir.), writ denied, 259 La. 875, 253 So.2d 213 (1971).

Conclusion
Article 2971 of the Civil Code, as amended and reenacted by Act 231 of 1912, provides for a limitation of only the contractual liability of an innkeeper as depositary. It does not diminish the delictual responsibility of the innkeeper, his officers of his employees. Consequently, we answer the certified questions as follows:
Question 1. No.
Question 2. No.
Pursuant to Rule 12, Section 9, Louisiana Supreme Court Rules, the judgment rendered by this court upon the questions certified shall be sent by the clerk of this court under its seal to the United States Court of Appeals for the Fifth Circuit and to the parties.
CERTIFIED QUESTIONS ANSWERED.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
MARCUS, Justice (dissenting).
The certified questions raised the issue of whether the $100 limitation on liability of innkeepers provided for by art. 2971 is also applicable to officers and employees of innkeepers. In answering this question in the negative, the majority concluded that the limitation does not even apply to the innkeeper himself in the case of tort liability; thus, it did not specifically address the question of whether the limitation applies to officers and employees of the innkeeper. After reviewing the applicable articles of the Louisiana Civil Code and for reasons hereinafter stated, I conclude that La.Civ. Code art. 2971 limits the liability of an innkeeper to $100, even when the loss of a guest's property is the result of the innkeeper's negligence, so long as the innkeeper did not appropriate the property or enrich himself at the guest's expense and that this limitation is likewise applicable to the officers and employees of an innkeeper.
The liability of innkeepers is covered in Louisiana Civil Code articles 2965-2971:
Art. 2965. Necessary deposit with innkeeper
Art. 2965. An innkeeper is responsible as depositary for the effects brought by travelers who lodge at his house; the deposit of such effects is considered as a necessary deposit.
Art. 2966. Innkeeper's responsibility for traveler's effects
Art. 2966. An innkeeper is responsible for the effects brought by travelers, even though they were not delivered into his personal care, provided however, they *1379 were delivered to a servant or person in his employment.
Art. 2967. Innkeepers's liability for effects damaged or stolen
Art. 2967. He is responsible if any of the effects be stolen or damaged, either by his servants or agents, or by strangers going and coming in the inn.
Art. 2968. Innkeeper's safe for deposit of valuables
Art. 2968. Every landlord or keeper of a public inn or hotel, shall be required to provide with an iron chest or other safe deposit for valuable articles belonging to his guests or customers, and each landlord or hotel keeper shall keep posted upon his doors and other public places in his house of entertainment, written or printed notices to his guests and customers that they must leave their valuables with the landlord, his agent or clerk, for safe keeping, that he may make safe deposit of the same in the place provided for that purpose.
Art. 2969. Loss of valuables not deposited in safe
Art. 2969. Every landlord, hotel or innkeeper who shall comply with the requirements of the preceding articles [article], shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent, for deposit, unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel; provided, however, that the provisions of this article shall not apply to a wearing watch, or such other articles of jewelry as are ordinarily worn about the person.
Art. 2970. Loss through theft by violence
Art. 2970. He is not responsible for what is stolen by force and arms, or with exterior breaking open of doors, or by any other extraordinary violence.
Art. 2971. Limitation on liability of landlords and innkeepers
Art. 2971. No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.
Provided that no guest shall be held bound by the limitation of value established in this Article unless this Article is conspicuously posted in the guest room.
Under arts. 2965-2967, an innkeeper is responsible for the effects brought by travelers and delivered into his personal care or to a servant or person in his employment. He is liable if any of his guests' effects are stolen or damaged by his servants or agents or by strangers entering the inn. Thus, these articles impose strict liability upon the innkeeper for the loss or damage of his guests' belongings. The scope of this strict liability, however, is curtailed by art. 2969. If an innkeeper or landlord complies with art. 2968 by providing safe deposit for his guests' valuable articles and posting written notice to his guests that they must leave their valuables with the landlord, his agent or clerk for safekeeping, then he shall not be liable for any valuable articles described in art. 2969 that are abstracted or lost from his inn if the articles are not left with the landlord, his clerk or agent for deposit, unless the loss occurs through the fraud or negligence of the landlord, or some clerk or servant employed by him. Hence, unless a guest can prove fraud or negligence, an innkeeper who provides safe deposit and posts notice is not liable for the valuables of his guests that are not deposited for safekeeping with the inn.
Furthermore, if art. 2971 (limitation on liability of landlords and innkeepers) is conspicuously posted in the guests' room and the guest fails to leave his valuables in safe deposit, the landlord's or innkeeper's liability *1380 for the loss of valuables sustained by "theft or otherwise" shall be limited to $100. The majority concludes that this article only applies to an innkeeper's contractual liability as a depositary and thus does not apply to his liability in tort. I do not agree. There is nothing in the innkeeper's liability articles to indicate that they are so limited. While the majority's interpretation of art. 2971 is consistent with French law, this is of little relevance as it does not appear that art. 2971 was derived from any French law. Furthermore, an analysis of the innkeeper's liability articles shows that the legislature could have intended to limit art. 2971 to cases of contractual liability. If an innkeeper fails to comply with art. 2968, then he is strictly liable for any loss incurred by his guest and accordingly the limitation of liability provided by art. 2971 would not apply. Under paragraph two of art. 2971, if an innkeeper fails to post the article in the guest's room, the limitation does not apply. If a guest who fails to deposit his valuables for safekeeping loses his valuables without the occurrence of fraud or negligence and the innkeeper complies with art. 2968, then the limitation of liability provision is not necessary as the innkeeper is not liable. Therefore, the only possible circumstance for the applicability of the limitation of liability is when the guest has failed to deposit his valuables and the innkeeper has complied with arts. 2968 and 2971 but has not been found free from fraud or negligence. Hence, the limitation of liability provision of art. 2971 must apply in cases where the innkeeper is negligent, as to interpret otherwise would render art. 2971 useless.
The only exception to the limitation of liability of art. 2971 is provided in the article itself, wherein it is stated that the limitation does not apply if by special agreement in writing the proprietor, manager or lessee of the inn has contracted for a greater liability. Also, in the case of Pfennig v. Roosevelt Hotel, Inc., 31 So.2d 31 (La.App. Orl.1947), the court of appeal noted that the limitation of liability of art. 2971 would not be available to the innkeeper if the innkeeper, himself, had appropriated the articles or had enriched himself at the expense of the guest.
Because art. 2971 refers back to the "provisions of the foregoing six articles," it is self-evident that it must be read in pari materia with those articles. Article 2966 creates liability for an innkeeper for effects delivered into his personal care or to a "servant or person in his employment." He is responsible for effects stolen or damaged by "his servants or agents." Article 2968 requires an innkeeper to post notice that valuables must be left with the "landlord, his agent or clerk." Under art. 2969, an innkeeper is not liable for effects abstracted or lost if the guest fails to leave his valuables with the "landlord, his clerk or agent" unless the loss occurs through the fraud or negligence of the "landlord, or some clerk or servant employed by him in such inn or hotel." Furthermore, art. 2971 itself allows a guest to contract with the "proprietor, manager or lessee of the hotel or inn" for a greater liability. Thus, it is clear that the articles on liability of an innkeeper cover both the innkeeper and his employees.
Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
The hotel posted a notice, as admitted by all parties, which was in compliance with the statute, advising hotel guests that a safe deposit box was available for its guests' valuables. C.C. art. 2968. As to those deposits in the hotel safe, the innkeeper undoubtedly would be liable as a contractual depository.
In this writer's opinion, a fair reading of the statutory scheme compels the following legal conclusions. As to the loss of those items not deposited in the safe, but left in the room where thieves may break in and steal, the statutory liability for such losses is governed by the provisions of C.C. art. 2971, which article limits the innkeeper's liability to $100. The purpose of such legislation was not to permit one to avoid the consequences of his own negligence, but to recognize the fact that where there was *1381 involved a question as to the value of the articles belonging to a guest, that the innkeeper was at the mercy of an unscrupulous guest.
The writer believes that the legislative scheme to limit such liability is also applicable to the innkeeper's agents and employees, who are also "innkeepers" within the meaning of this statute. In any event, an innkeeper would be hard pressed to act except through its agents and employees. To hold the innkeeper's employees liable without restriction, and limit the innkeeper to $100, would certainly undermine the legislative policy of C.C. art. 2971.
As far as valuables not kept in the hotel safe are concerned, there is only one innkeeper and that includes the corporate entity and all of its employees and agents.
Clearly, if the Civil Code arts. 2965 through 2971 are construed in pari materia, the opposite result as that found in the majority opinion would obtain.
I respectfully dissent.