Paulette LAUBIE, Wife of/and Andre Laubie, Plaintiffs,

v.

SONESTA INTERNATIONAL HOTEL CORP., Archer Casbarian, C. Mark Stevenson, Sam F. Uchello, United States Fire Insurance Co., Defendants.

Civ. A. No. 77–1584.

United States District Court, E.D. Louisiana.

June 27, 1984.

E. Gordon Schaefer, Jr., New Orleans, La., for plaintiffs.

Dermot S. McGlinchey, Kenneth H. Laborde, New Orleans, La., for defendants.

## MEMORANDUM AND ORDER

CASSIBRY, Senior District Judge.

After a long absence, during which this case has travelled the by-ways of appeal and certification, this matter has returned to our jurisdiction. Once again, this court is called upon to consider whether Article 2971 of the Louisiana Civil Code limits the liability of these defendants (collectively denominated hereinafter as "Sonesta"), for the loss of property suffered by their guests, the plaintiffs. Sonesta's present motion for partial summary judgment is but the contemporary version of its familiar refrain. From the outset, the defendants have maintained that Article 2971 limits their liability to $100. When it first

decided this matter nearly six years ago, the court agreed. In the interim, the statute has been amended and the question now before us is whether Article 2971, as amended, applies retroactively to this case.

*Procedural History*

Before turning to the question at hand, I feel it would be wise to review the facts and procedural path this case has followed. This action was commenced by a pair of French citizens, Andre and Paulette Laubie, who alleged that, while they were guests at the Royal Sonesta Hotel in New Orleans, their room was entered by persons unknown who severed the chain lock on their door and stole jewelry valued at $50,-000.[1] Contending the defendants were negligent, the Laubies sought to recover for their loss from the hotel, three of its executive officers, and the defendants' insurer.

Defendants countered by moving to dismiss the plaintiffs' claim for lack of jurisdictional amount, invoking Article 2971 of the Louisiana Civil Code which limits innkeepers' liability to $100. At that time, Article 2971 read as follows, in pertinent part:

> No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding $100.00, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn, a greater liability has been contracted for.

On July 18, 1978, this court granted defendants' motion to dismiss for lack of jurisdictional amount, 28 U.S.C. § 1332. On appeal, the Fifth Circuit, finding that no Louisiana appellate court had decided whether the limitation of liability in Article 2971 extended not only to the innkeeper but also to its officers and employees, certified two questions to the Louisiana Supreme Court. *Laubie,* 626 F.2d at 1326. The questions certified were as follows:

1. If the negligence of an officer or employee of an innkeeper results in a loss to the property of the innkeeper's guests by theft while the guests are resident in the inn, is the liability of the negligent person limited to $100 by Article 2971, Louisiana Civil Code?

2. More particularly, the Louisiana intermediate courts have held that Article 2971 of the Civil Code, as re-enacted by Act 231 of 1912, provides a limitation not only for the innkeeper's strict liability as a depositary but also to his liability for loss occasioned through the theft or negligence of his employees. *Zurich Insurance Co. v. Fairmont Roosevelt Hotel, Inc.,* 250 So.2d 94 (La.App. 4 Cir.1971); *Pfennig v. Roosevelt Hotel,* 31 So.2d 31 (La.App.Orl.1947). If indeed this is so, *but see* Note, Innkeepers—Limitation of Liability for Loss of Guests' Property, 22 Tul.L.Rev. 333 (1947), was the statutory intent of the 1912 amendment of Article 2971, in the light of the statutory scheme of Articles 2965–2971 with regard to an innkeeper's liability, also to limit the liability of the innkeeper's employees for loss occasioned through their own "fraud or negligence," Article 2969?

On May 18, 1981, the Louisiana Supreme Court answered both questions in the negative. The Supreme Court decided that Article 2971 had no application to the question of an innkeeper's delictual, as opposed to contractual, responsibility. *Laubie v. Sonesta Intern. Hotel Corp.,* 398 So.2d 1374 (La.1981). The decision having established that the amount in controversy exceeded $10,000, and therefore, that this court had jurisdiction pursuant to 28 U.S.C. § 1332, the judgment of dismissal was reversed and the case remanded to this court for further proceedings. *Laubie v. Sonesta Intern. Hotel,* 650 F.2d 680 (5th Cir. 1981).

---

**1.** The facts are more fully set forth in the Fifth Circuit's certification to the Louisiana Supreme Court, 626 F.2d 1324 (5th Cir.1980).

We now come to the crucial development, interpretation of which is necessary to the determination of this motion. After the Supreme Court's decision, the Louisiana legislature broke into the act. Act No. 382, § 1 of 1982 amended Article 2971 to read, in pertinent part, as follows:

No landlord or innkeeper, *or his officers, clerks, agents, or employees* shall be liable *contractually or delictually* under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss *of cash, jewelry, rare art items, furs, cameras, or negotiable instruments* sustained by such guests or party of guests by theft or otherwise in any sum exceeding five hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.[2]

(Emphasis added for language added by the 1982 amendment.)

### The Present Motion

Amended Article 2971 in hand, Sonesta now returns to the court seeking partial summary judgment dismissing the Laubies' claims to the extent they exceed the $100.00 limitation of Article 2971. The question to be resolved is whether Article 2971, as amended by Act No. 382, should be retroactively applied to the Laubies' claim.

Sonesta submits that in Louisiana, a civil law jurisdiction, the legislative will, as expressed in the articles of the Code, is supreme. Case law, though valuable, is of secondary importance. To equate jurisprudence with legislation is to ignore the first principle of Louisiana law. *Ardoin v. Hartford Acc. & Indem. Co.,* 360 So.2d 1331 (La.1978). Therefore, the amended Act takes precedence over the judicial interpretation of the statute. This is not disputed. The contest is over whether the amended statute should be given retroactive application to the plaintiffs' claim.

■ As both parties recognize, Louisiana adheres to the general principle of non-retroactivity of laws. Article 8 of the Civil Code sets forth the concept thus:

"A law can prescribe only for the future, it can have no retrospective operation, nor can it impair the obligation of contracts."

There are three well established exceptions to the principle of non-retroactivity: (1) laws which lessen or suppress penalties; (2) laws which are merely interpretive of existing legislation; and (3) laws which the legislature has expressly or impliedly declared to be retroactive. *Ardoin,* 360 So.2d at 1338, *citing* 1 M.Planiol, *Civil Law Treatise,* Nos. 249–252 (La.St.L.Inst.Transl. 1959); A. Yiannopoulos, *Civil Law System,* 68 (1977).

Sonesta contends that Act No. 382 comes within the second exception as an interpretive amendment and should therefore be applied retrospectively. The plaintiffs respond that "the 1982 amendment deals with substance" and that to give the amendment retrospective application would deprive them of a vested right given implicit recognition in the Supreme Court's decision.

■ As the Louisiana Supreme Court itself stated, interpretive legislation cannot properly be said to divest vested rights. Interpretive legislation does not create new rules, but merely establishes the meaning the interpreted statute had from the time of its enactment. *Ardoin,* 360 So.2d at 1338–39.

■ Is this amendment, then, merely interpretive? Judging by the sequence of events, the timing of the amendment and its language, the court concludes that the

---

**2.** Act 382 also increased the maximum amount of an innkeeper's liability from $100.00 to $500.00. The parties have raised no question with respect to the effect of this change. The increase, of course, is not sufficient to bring the Laubies' claim up to the $10,000 jurisdictional amount. It would seem apparent that the Legislature, at the same time as it was considering the other changes to Article 2971, increased the liability limit to reflect the decreasing value of the dollar.

legislature, in reaction to a judicial decision with which it disagreed, found it necessary to add the clarifying language now found in Article 2971. The Legislature had left Article 2971 untouched for the seventy years prior to this amendment. La.Civ. Code Ann. art. 2971 (West 1952, 1984). During this time, the Louisiana courts consistently construed Article 2971 to limit both the contractual and delictual responsibility of an innkeeper and his employees. *See, e.g., Zurich Ins. Co. v. Fairmont Roosevelt Hotel, Inc.*, 250 So.2d 94 (La.App. 4 Cir.1971); *Pfennig v. Roosevelt Hotel, Inc.*, 31 So.2d 31 (La.App.Orl.1947).

The court considers it of great significance that, after the Supreme Court's decision in the *Laubie* case gave a new interpretation to Article 2971, the Legislature promptly broke its seventy years of silence. The language added to the Article is directly derived from the issues raised by the *Laubie* case. The amended Article closely parallels the certified questions and specifically includes "officers, clerks, agents or employees" as parties whose liability is limited *both* contractually and delictually. The Act, therefore, merely clarifies, by more expansive phrasing, the legislature's original intention in this area.

For the above reasons, the court is persuaded that Act No. 382, § 1 of 1982 is merely interpretive of Article 2971. As an interpretive amendment, it establishes no new rights or duties. It clarifies those duties already in existence and is, therefore, to be applied retroactively to the plaintiffs' claim.

We hold, therefore, that under Article 2971, the Sonesta defendants' liability is limited to the $100.00 limit in effect at the time of the theft. There being no dispute as to any issue of material fact, defendants' motion for partial summary judgment is hereby GRANTED.

With the granting of the motion for partial summary judgment, the plaintiffs' claim again falls below the jurisdictional amount required by 28 U.S.C. § 1332. Therefore,

IT IS ORDERED that this action be and hereby is DISMISSED.