KLIEBERT, Judge.
.This is an appeal by Ledrew “Buddy” Hopkins, d/b/a Buddy’s Towing Service, defendant, (hereafter Buddy) from a money judgment of $4,500.00 in favor of Lionel Ard, plaintiff. The trial judge cast Buddy in judgment for the negligent release of a motor vehicle impounded by the City of Kenner. We affirm.
On July 15, 1980, a 1977 Cadillac, registered in the name of the plaintiff, was involved in a hit and run accident. The car was impounded by the City of Kenner and pursuant to a contractual agreement between the City of Kenner and Buddy, the car was stored in Buddy’s storage yard. Subsequently, Georgia Riggs, an employee of the City of Kenner, whose responsibilities included the collection of storage fees and the issuance of releases, collected the tewing and storage fees due on the vehicle and signed the usual release form authorizing Buddy to release the car. Upon presentation of the release, but without requesting identification from the person who presented same, Buddy released the car to the person presenting the release.
Thereafter, Lionel Ard filed suit against the City of Kenner, the Kenner Police Department, Georgia Riggs and Buddy, contending the defendant had negligently released his car to an unknown person; hence, he was entitled to recover damages of $3,051.70 for the loss of equity in the vehicle and $10,000 for loss of use, inconvenience and mental anguish. The City of Kenner was dismissed from the suit on a motion for summary judgment but subsequently Buddy filed a third party petition seeking indemnification from the City of Kenner in the event he be cast in judgment. *640 Based on a finding Buddy negligently failed to require identification from the person to whom the car was released, the trial judge dismissed all claims against other defendants and cast Buddy in judgment for the value of the vehicle ($4,500). Buddy appeals his being cast in judgment on the main demand and the court’s dismissal of his third party petition against the City.
The storage agreement between Buddy and the City of Kenner is not in the record. Further, although the record shows the Cadillac was subsequently recovered and seized by the mortgage holder, there is no indication from whom or the circumstances under which it was recovered. The record does show that at the time of the hit and run accident the police found the driver’s license of Eddie Johnson in the car and that he was subsequently arrested as the hit and run driver. At the trial here, Ard acknowledges that he let Gwendolyn Smith, who was accompanied by Eddie Johnson, test drive the car because she was interested in buying it. However, he maintains that the car was returned to him the same day and this was before the hit and run accident occurred. Thereafter, he left the car under his carport while he went out of town. Although he maintains the car was stolen, there is no indication Ard reported the car to the police as a stolen vehicle.
According to Ard’s testimony, he went to Buddy’s because of a telephone call from Buddy (Buddy denies such a call) at about 8:30 on the morning of August 4, 1980. While there, he saw his car and was informed by Buddy as to where and how to pay the fees and obtain a release of the impoundment of the car. Thereafter, he went home to obtain identification papers on the car and returned to City Hall to obtain the release. Although vague as to the time of his return to City Hall, he testified Georgia Riggs informed him a release form was previously given to Gwendolyn Smith, who claimed to be Ard’s niece, earlier in the day.
In her testimony, Georgia Riggs denied Ard’s version of what happened when Ard came to City Hall. Rather, she testified that before releasing an impounded vehicle, she always checked to determine the registered owner of the vehicle and upon establishing his name, she would release the vehicle to the owner only on his showing of proper identification. During the course of trial, on several occasions, she positively identified Ard as the person to whom she gave the executed release form. However, when pressed, she would only state she believed Ard to be the person who paid the fees and to whom the release was given because of the procedures followed in releasing the impounded vehicles and had no independent recollection of her having given the executed release form to Ard. She also testified that through the years she knew and believed Buddy was required to and in fact would release the impounded vehicle to the person tendering a properly executed release form.
Buddy testified that on presentation of the properly executed release form he was required to release an impounded vehicle to the party presenting the release form. Accordingly, he released the vehicle to whoever presented the release form without requesting any identification of the party presenting the release and had no personal recollection as to whom the car was released.
The release form filed in the record was a printed form with blanks filled out as follows:
“Date 8-4-80 Time 12:25PM
This is your authority to release to, Signature Lionel Ard”
The name “Lionel Ard” was typewritten (rather than a signature as called for by the form).
The trial judge concluded this was authority for Buddy to release the car only to “Lionel Ard” and since Lionel Ard testified that he did not receive the car, Buddy was negligent and therefore liable to Ard for the value of the car.
On appeal Buddy contends the trial court erred in finding Ard did not receive the car and in failing to conclude he is entitled to indemnification from the City of Kenner.
*641 Buddy admitted he would release cars to the parties presenting the release without requesting identification. Further, he stated he had no independent recollection as to whom the particular car involved here was released. Although Georgia Riggs testified she always requested personal identification of the person requesting the release of an impounded vehicle, she also said she had no independent recollection of the release of the particular car involved here. Hence, any subsequent effort by Buddy or Georgia Riggs to describe the person to whom the release was given or the car released, is purely self-serving.
Ard, on the other hand, testified that he did not receive the car. There is nothing in the record to rebut this. Hence, we cannot say the trial court was manifestly wrong in concluding Ard did not receive the car. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Buddy cannot absolve itself of responsibility by asserting that the identification of the owner was solely the responsibility of the City of Kenner. Although the City impounded the car and the car was stored with Buddy under a contractual agreement between Buddy and the City, since the car was impounded because it was abandoned and stolen, Buddy owed the same duty to the owner as he did to the City who gave him the car to store. La.C.C. art. 2934; Laubie v. Sonesta Intern. Hotel Corp., 398 So.2d 1374 (La.1981). The law imposes a duty upon the depositary to exercise the same diligence in preserving the object of the deposit that he uses in caring for his own property. La.C.C. art. 2937; Jeter v. Lachle, 106 So.2d 808 (2nd Cir.1958).
Our own Civil Code requires that a depositary take care in restoring the deposit to the owner himself:
Art. 2949. The depositary must restore the thing deposited only to him who delivered it, or in whose name the deposit was made, or who was pointed out to receive it.
Art. 2950. He can not require him who made the deposit to prove that he was the owner of the thing. Yet if he discovers that the thing was stolen and who the owner of it is, he must give him notice of the deposit, requiring him to claim within due time. If the owner, having received due notice, neglects to claim the deposit, the depositary is fully exonerated on returning it to the person from whom he received it.
Buddy was aware Ard was not the person who made the deposit. Hence, we cannot say the trial judge erred in finding Buddy breached his duty to the owner by not making an effort to ascertain that the person to whom he delivered the vehicle was the owner. It was not error to conclude that Buddy would be more diligent in preserving his own property.
Buddy contends that he is entitled to full indemnification from the City of Kenner for the amount it is required to pay plaintiff. Since the contract between Buddy and the City of Kenner is not contained in the record, we cannot find that Buddy is entitled to contractual indemnification.
Although the testimony of Georgia Riggs, as to Buddy being required to release the car upon presentation of the release signed by her, is evidence tending to show the release procedure being followed between Buddy and the City’s employees, it is not proof the procedure being followed was required by the contract. Further, although Georgia Riggs’ testimony as to the City’s procedure for establishing ownership and requiring personal identification before issuing the release absolves the City of responsibility, it does not help Buddy.
As we have already concluded, the trial court did not err in finding that Buddy breached his duty to the owner. Likewise, we cannot say that the trial court erred in concluding that Buddy was not entitled to indemnification because his fault was an *642 active cause of plaintiffs injury. Accordingly, the judgment of the trial court is affirmed. Appellant to pay all costs of the appeal.
AFFIRMED.