482 So.2d 639 (1986)
Mr. and Mrs. George PEPPARD
v.
HILTON HOTELS CORPORATION.
No. CA-3147.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Rehearing Denied February 26, 1986.
Jerald L. Album, Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, for appellees.
Irvy E. Cosse, Jr., Seeling, Cosse, Frischhertz & Poullia, New Orleans, for appellant.
Before WARD and BYRNES, JJ., and PRESTON H. HUFFT, J. Pro Tem.
BYRNES, Judge.
In January of 1978, Mr. and Mrs. George Peppard were guests at the Hilton Hotel in New Orleans. The Peppards did not place their valuables in a safe deposit box, but chose to keep them in a suitcase in their room, which was subsequently burglarized. The Peppards sued the Hilton for negligence in failing to provide them with adequate protection from theft. The matter was tried in May and June of 1981, but judgment was not rendered until October 11, 1983. The trial court found the Hilton was negligent and awarded the Peppards $500.00. On appeal, the Peppards contend that the trial court erred in retroactively applying the 1982 amendment to Civil Code Art. 2971 to limit their recovery to $500.00.
The general principle of non-retroactivity of laws is found in C.C.Art. 8 which provides:
A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.
There are three exceptions to this general rule: laws that suppress or lessen penalties, laws that are interpretive of existing legislation and laws which the legislature has expressly or impliedly declared to be retroactive. Ardoin v. Hartford Accident and Indemnity Co., 360 So.2d 1331 (La. 1978).
The interpretive law exception has been explained as follows:
The exception ... is justified on the ground that these laws do not establish new rules; they merely determine the meaning of existing laws and may thus be applied to facts occurring prior to their promulgation. In these circumstances, there is an apparent rather than real retroactivity, because it is the original rather that the interpretive law that establishes rights and duties.
A. Yiannopoulos, Civil Law System, 68 (1977).
As originally enacted, C.C. Article 2971 provided a limitation of liability for innkeepers *640 and hotels. The statute provided that an innkeeper, who provided a safe deposit box for use by his guests and otherwise notified them by posting the Louisiana Hotel Law, would only be responsible for the loss of personal property of guests "by theft or otherwise" up to a $100.00 limit.
Case law had consistently interpreted this article to limit not only the innkeeper's contractual liability as a depository, but also his liability for loss due to the theft or negligence of his employees. Zurich Insurance Co. v. Fairmont Roosevelt Hotel Inc., 250 So.2d 94 (La.App. 4th Cir.) writ denied, 253 So.2d 213 (La.1971); Pfennig v. Roosevelt Hotel, 31 So.2d 31 (La.App.Orl. 1947).
However, in Laubie v. Sonesta International Hotel Corp., 398 So.2d 1374 (La.1981) the Supreme Court, in a departure from this jurisprudence, held that if there was negligence on the part of the hotel or innkeeper, the limitation of liability provided by Civil Code Article 2971 would not apply and a guest could recover full damages for losses resulting from that negligence. Subsequent to the Laubie decision the Legislature, in Act 382 of the 1982 session, amended the article to specifically state that its provisions applied to delictual as well as contractual liability.
This amendment in effect overruled Laubie and reinstated the prior interpretation of the article.
Under these circumstances, the 1982 amendment must be viewed as interpretive. The trial judge was therefore correct in limiting the Hilton's liability by applying Art. 2971 to this case.
There is some doubt in our minds as to the correctness of awarding the Peppards $500.00 in damages under the amended version of the article rather then the $100.00 maximum which was in effect at the time of the theft. However, because the Hilton did not raise this issue by answering the Peppards' appeal as required by C.C.P. Art. 2133, we will not disturb the award.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.