LABORDE, Judge.
Plaintiff-appellant, Kenneth A. Gregory, appeals the judgment of the trial court which dismissed his suit for damages allegedly caused by the action of defendant-ap-pellee, C.J. Lachney. Mr. Gregory contends that his motorcycle was marred while in the possession of Mr. Lachney, and that Mr. Lachney is therefore liable for the damage under the law of both tort and contract. Mr. Gregory also sued General Agents Insurance Company as Mr. Lach-ney’s liability insurer. The trial court did not accept Mr. Gregory’s version of the facts. We find no error in the trial court’s conclusion, and we affirm accordingly.
At approximately 2:00 a.m. on May 18, 1983, Mr. Gregory and a friend, Mr. Lawrence Jennings, after field sobriety tests were administered, were arrested for driving while intoxicated. This culminated their day of bar hopping and motorcycle cruising throughout Natchitoches Parish. Law enforcement officers from the Parish contacted Mr. Lachney’s firm, C.J.’s Towing and Salvage Company, in order to tow and secure Mr. Gregory’s motorcycle.
The next day, after making bail, Mr. Gregory visited C.J.’s Towing and Salvage Company to claim his motorcycle. Mr. Gregory was shocked by the blemished condition of his once-imagined flawless cycle. Mr. Gregory contends that the damage to the left side of the motorcycle’s handlebars, casing, seat, and gas tank resulted from Mr. Lachney’s lack of proper care. On the other hand, Mr. Lachney maintains that the cycle had been damaged before being towed. This necessitates a factual determination, one most appropriately left in the hands of the trial court absent a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973).
Appellant asserts that the trial court made two such manifest errors: 1) in finding that plaintiff failed to prove that his cycle was damaged after defendant took possession of it; and 2) in failing to require defendant, as depositary, to prove that his actions did not cause the damage to plaintiff’s motorcycle.
A review of the testimony demonstrates that the trial judge was not clearly wrong in concluding that plaintiff failed to prove by a preponderance of the evidence that the cycle was damaged after Mr. Lachney took possession thereof.
The trial record reveals that Mr. Gregory had been “joy riding” with a couple of friends for most of the day. He visited various bars, played pool, and drank beer. Mr. Gregory testified that he stayed in one of the bars until closing time. Mr. Gregory testified that his traveling companion, Mr. Jennings, was inebriated and somewhat out of control. Undisturbed, Mr. Gregory allowed his friend to climb back onto his cycle to continue the trek. Riding home, Mr. Gregory on his silver cycle and Mr. Jennings on his black one, proved to be more perilous than anticipated. Mr. Gregory adamantly asserts that he did not crash or fall from his cycle, but that Mr. Jennings fell from his cycle twice, first near the University Shopping Center, and second upon being pulled over by the police. *251 Mr. Gregory’s testimony as to who fell off his cycle at the shopping center is not uncontradicted.
Mr. Kevin Bolton, an employee of Corporate Security of Natchitoches, Inc., was on duty the night of the incident and observed the cyclists driving erratically and weaving down the road. He had been alerted to watch for the cyclists by his boss, Mr. Jim Perry, who had observed the cyclists’ difficulty in riding. Following the cyclists to the shopping center, Mr. Bolton witnessed Mr. Gregory fall off of his motorcycle and observed the motorcycle spin on its left side on the concrete parking lot. Alertly, Mr. Bolton notified the local law enforcement authorities. On cross examination, with aplomb, Mr. Bolton reiterated that he saw Mr. Gregory’s silver motorcycle wreck and spin on the ground.
Natchitoches Parish Deputy Sheriff Albert Lynne Lester was. dispatched to investigate the cyclists. He observed the cyclists riding on the left side of the street and quickly stopped them. Upon making the stop, Deputy Lester radioed Louisiana State Trooper Joel Young Kilpatrick, who was nearby and who soon arrived to assist in the investigation. Deputy Lester further testified that plaintiff smelled of alcohol and that the ability of both cyclists to drive had been impaired. Deputy Lester saw Mr. Jennings fall off of his cycle and directed his attention to the fallen cyclist. Deputy Lester did not inspect Mr. Gregory’s cycle, and therefore did not recall seeing any damage to it.
Trooper Kilpatrick interrogated plaintiff and arrested him for driving while intoxicated. Trooper Kilpatrick remembered seeing a small dent in the gas tank, but he was not certain and could not recall the condition of the rest of the cycle. The condition of the bike was not his chief concern. Plaintiff was belligerent, argumentative, and threatening to Trooper Kil-patrick. The area was dark, illumination generated only by the police car headlights which were not shining on the cycle. Trooper Kilpatrick cautioned that his recollection of a dent to the left side of the gas tank did not mean that that was the only damage to the cycle.
Mr. Jim Perry was qualified by the defense as an expert in motorcycle repair. He testified that the damage to plaintiff’s motorcycle was most probably caused by the cycle falling on its left side. In Mr. Perry’s opinion, the motorcycle could not have been damaged in the manner alleged by defendant’s towing procedure.
Deputy James Scott of the Natchitoches Parish Deputy Sheriff’s Office assisted in the investigation and assisted defendant in securing plaintiff’s motorcycle to the wrecker. Deputy Scott was certain that the cycle was securely affixed to the wrecker before removal. He recalls seeing damage to the cycle, but does not recall the extent.
Mr. Lachney testified that when he arrived at the scene, plaintiff had already been taken to jail, and that he attached tie straps to secure the motorcycle to the wrecker. Mr. Lachney averred that the motorcycle was in the same condition when he picked it up as it was when plaintiff later retrieved it. Mr. Lachney testified that he was an experienced tower of motorcycles and that the procedure he uses is safe. This testimony was in no way impeached on cross examination.
Mr. Gregory’s description of his driving prior to his arrest as “safe and cautious” is in direct conflict with the testimony of the arresting officer and two other disinterested witnesses, Kenneth Bolton and Jim Perry. The trial court’s conclusions that plaintiff was intoxicated; that plaintiff operated his vehicle in a careless and dangerous manner; that plaintiff fell off of his own motorcycle; and that plaintiff damaged his own motorcycle in the fall is supported by the weight of the evidence. The trial court’s finding that Mr. Lachney was free from any negligence is not clearly wrong, and this conclusion relieved Mr. Lachney, as depositary, of the duty to prove that he did not cause the damage to plaintiff’s motorcycle. Plaintiff failed to prove that his motorcycle when returned was more damaged than when deposited. No presump *252 tion is raised that the depositary’s action caused a loss; therefore, Mr. Lachney need not exonerate himself from the alleged fault. See, e.g., Laubie v. Sonesta International Hotel Corporation, 398 So.2d 1374, 1377 (La.1981).
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.