BYRNES, Judge.
Appellants, Dr. and Mrs. Philip, sued the Fairmont Hotel for the loss of a diamond ring allegedly stolen from their room while they were hotel guests in 1980. Although estimates of the ring’s value differ, it was probably worth more than $10,000.00 and was of considerable sentimental value.
The Philips appeal the Trial Judge’s finding that the Fairmont’s liability is limited to $100.00, as provided by La.C.C. Art. 2971 (since amended).
The facts, as testified to at trial, are somewhat confused. The Philips testified that when they discovered the band of Mrs. Philip’s ring was cracked, Mrs. Philip placed it in a small jewelry case inside a dresser drawer in the couple’s hotel room. When they returned from a day of golf, the ring was gone. Strangely, other valuable jewelry in the same case was not missing. The Philips reported the loss, and were soon interviewed by hotel security officers. The officers testified that Mrs. Philip first said she might have lost the ring on the golf course, but then insisted she had left it in the room. The officers apparently questioned a hotel maid concerning the alleged theft. Mrs. Philip said that the officers told her the investigation had produced a *1141 likely suspect, who escaped. The officers denied their investigation had gotten that far and said that they had only questioned the maid who cleaned the Philips’ room.
The basis of the Philips’ claim for the full value of the ring was an allegation of negligence on the part of the Fairmont in failing to provide adequate security. A showing of negligence will allow recovery beyond the $100.00 limit set by the Civil Code articles on deposit.
The trial judge concluded that theft was not proven at trial. Given the somewhat conflicting stories Mrs. Philip gave to hotel security and the other circumstances of the case, we cannot say that the trial judge erred in this conclusion. We can find no evidence in the record indicating that the Fairmont was negligent, and therefore agree with the trial court’s decision to limit the hotel’s liability to the $100.00 maximum set forth in C.C. Art. 2971. Liability under that article is not based exclusively on theft. The language of Art. 2971 limits innkeeper’s liability:
... For any loss of cash, jewelry, rare art items, furs, cameras, or negotiable instruments sustained by such guests or party of guests by theft or otherwise ... (emphasis added)
Moreover, even if Art. 2971 required proof of theft, the Fairmont did not answer this appeal, and we therefore could not address the correctness of the award of $100.00 under C.C. Art. 2971. See C.C.P. Art. 2133. The judgment below is affirmed at appellants’ costs.
AFFIRMED.
BARRY, J., dissents with reasons.