482 So.2d 865 (1986)
John WALL, et al., Plaintiffs-Appellants,
v.
FIRST NATIONAL BANK OF SHREVEPORT, Defendant-Appellee.
No. 17422-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Thibaut, Thibaut, Garret & Bacot by John S. Thibaut, Jr. and Charest Thibaut, III, Baton Rouge, for plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts by John T. Cox, Jr. and L. David Cromwell, and Lunn, Irion, Johnson, Salley & Carlisle by Charles W. Salley, Shreveport, for defendant-appellee.
Before HALL, MARVIN and LINDSAY, JJ.
MARVIN, Judge.
In this action for damages against the defendant Bank for its alleged failure to make a loan that it had agreed to make, three of the five individual plaintiffs and the two corporate plaintiffs appeal a judgment that dismissed their respective demands with prejudice on the sustaining of an exception of no right of action. CCP *866 Art. 927. We must disagree with the trial court's conclusion that an amendment of the pleadings could not cure or remove the grounds for the exception. To allow appellants the opportunity to amend, we reverse and remand. CCP Art. 934.

STIPULATION POUR AUTRI; PRIVITY OF [WRITTEN] CONTRACT?
The Wall plaintiffs, five individuals, and two corporations, apparently owned by some of them, BSF and GBC, alleged that the Bank reneged on its obligation to lend $500,000 to John and Beverly Wall, which to the Bank's knowledge, understanding, and agreement, was to be advanced in part by the borrowers to the two corporations.
Against the corporate plaintiffs, the Bank's exception was founded on the absence of an allegation of privity of any written contract between the corporations and the Bank. Against the three individual plaintiffs, Sybil Wall, Hazel Thornton, and Charles Ruth, the exception was similarly based because these plaintiffs had alleged that, as stockholders of the BSF corporation, they had sustained damages because of the Bank's failure to make the loan which, in part, was to benefit that corporation. No exception was levelled at plaintiffs John and Beverly Wall.
For a person to successfully maintain an action under a contract to which it is not a party, the contract must clearly express the intent of the contracting parties to stipulate some advantage for that [third] person. Arrow Trucking Co. v. Continental Ins. Co., 465 So.2d 691, 698 (La.1985), citing Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971). Fontenot concerned a written contract, but stated in dicta that, to be enforceable, a stipulation pour autri must be in writing. CC Art. 1978. The civil code, however, does not expressly make the requirement, as Professor Johnson has noted:
There is no more reason to require that an advantage for a third person stipulated in a contract be in writing than there is to have a general requirement that contracts be in writing. We have no such general requirement, despite the requirement of writing for specific types of contracts.56 While most stipulations for the benefit of third parties which are enforced in the jurisprudence are in writing, it does not appear to be wise to have a rule, absent codal or statutory authority, that such stipulations must be in writing.
56. See, e.g., LA CIV. CODE art. 1536 and LA. R.S. 9:2721 (1950) (requirement that to affect third persons, instruments concerning immovables must be recorded, which assumes that they must be in writing of some form). Work of the Appellate Courts for the 1975-1976 Term Obligations, 37 La. L.Rev. at 346, 347 (1977).
Other cases followed and cited the Fontenot dicta, without much discussion. See, e.g., Mitchell v. Clark, 448 So.2d 681 (La. 1984), n. 3; State v. Cooper, 449 So.2d 1376 (La.App. 2d Cir.1984), n. 2; Guillory v. Morein, 468 So.2d 1254 (La.App. 3d Cir. 1985); Jackson v. Brumfield, 442 So.2d 518 (La.App. 1st Cir.1983); Landesman v. Ford Motor Company, 331 So.2d 106 (La. App. 1st Cir.1976). Arrow Trucking Co., supra, cited Fontenot for the proposition that
It is well settled that for a person to successfully maintain an action under a contract to which it is not a party the contract must clearly express the contracting parties' intent to stipulate some advantage for that [third] person.... 465 So.2d at 698. Our brackets.
Arrow Trucking reiterates the CC Art. 1978 statement that a contracting party may stipulate a benefit for a third person. Arrow Trucking did not disapprove of the Fontenot dicta that the stipulation pour autri will not be recognized absent a writing.

THE CORPORATE APPELLANTS
The plaintiff corporations argue that, even if the stipulation must be in writing, the requirement is satisfied by two "date notes" which were executed as a part of the agreement by the Bank to make the *867 loan to the Wall plaintiffs. As long as there is a conceivable possibility that plaintiffs may be able to prove that some writing such as the two notes once existed, the corporate plaintiffs should be given the opportunity to amend even if the Fontenot dicta is the law. Compare Louisiana & So. Life Ins. v. New Orleans S.S., 384 So.2d 594 (La.App. 4th Cir.1980); Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir.1983); Teacher's Ret. System v. La. St. Employees, 456 So.2d 594 (La.1984).

THE INDIVIDUAL APPELLANTS
Debts owed to a corporation, however, are not owed to its shareholders. CC Arts. 435, 437. A shareholder cannot sue to recover damages done to the corporation. Texas Industries, Inc. v. Dupuy & Dupuy Develop., Inc., 227 So.2d 265 (La. App. 2d Cir.1969); Hinchman v. Oubre, 445 So.2d 1313 (La.App. 5th Cir.1984). On this record the trial court correctly sustained the Bank's exception against the individual plaintiffs. Nonetheless, under the procedural posture of this case it is a conceivable possibility that the individual plaintiffs might amend their respective allegations to posture themselves similarly to the corporate plaintiffs and to allege some direct damage to them and thus cure the grounds for the exception. CCP Art. 934. See Teacher's Ret. System, supra.

DECREE
The judgment sustaining the exceptions is sustained. The judgment dismissing the action of the appellants is reversed and this case is remanded to allow each appellant 15 days from the date this opinion becomes final in which to amend his, her, or its petition to cure the grounds for the exception.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS. Costs shall be assessed in the final judgment of the trial court.