REDMANN, Chief Judge.
On defendant’s motion to dismiss plaintiff’s suspensive appeal from a ruling compelling plaintiff’s deposition, we elected to treat the appeal as an application for review which we granted. We now reverse.
Preliminarily we note that, if this were an appeal of a final judgment of the city court, it would be untimely because not moved within the delay after judgment specified by C.C.P. 5003 A. (Art. 5003 B’s extended delay period, running from refusal of a timely application for new trial, would not be applicable because plaintiff’s application for new trial, made after the three-day period of C.C.P. 4919 B, was not timely.) If the judgment being “appealed” were a final judgment, one “that determines the merits in whole or in part,” C.C.P. 1841, we could not grant writs because such a judgment would have become definitive, a thing adjudged, C.C.P. 1842, no longer changeable on appeal. But an order compelling discovery is only an interlocutory ruling, which does not become definitive before the final judgment on the merits. In its character of an application for a writ of review of that interlocutory ruling, therefore, plaintiff’s motions designated as for new trial and for appeal were not untimely, and the trial judge’s fixing of the return date was the equivalent of fixing a time for filing the writ application in this court within which the filing was completed. The matter is timely before us.
Plaintiff, a resident of New Jersey, sued for the return of a $5,000 deposit on unspecified items he alleged defendant was to, but did not, ship to him for him to purchase. Defendant reconvened for $12,-500, alleging that the agreement was a completed sale for $17,500, and that plaintiff was to send the $12,500 balance before shipment but failed to do so.
This court has previously ruled on a similar request to bring a distant plaintiff into this state for deposition, in Hohner v. Travelers Ins. Co., 246 So.2d 727 (La.App. 4 Cir.1971). Defendant would distinguish Hohner on the ground that there plaintiff was ordered by the trial court to come from Alaska, at a cost of about $1,600 (defendant argues that that amount in 1986 dollars would be perhaps $4,000). Our plaintiff, defendant argues, need come only from Newark, at a cost of probably less than $500.
We do not agree with that distinction. The essential reasoning of Hohner, id. at 729, was that
“relator would be required to expend $1,600 travel expense to appear here and *228 from the nature of the case, we are not convinced that the defendants could not obtain the information by other discovery devices. The record discloses that the defendants have not filed written interrogatories nor have they attempted to depose relator by written interrogatories.”
We can agree with defendant’s view that oral deposition is in many ways a superior discovery device. But when plaintiff has claimed only $5,000 in a case whose nature is simpler than Hohner’s automobile accident, and when (as in Hohner) no other discovery has been attempted, our judgment is that defendant is not entitled to have the court order plaintiff to make a trip from New Jersey at the relatively substantial cost of about $500.
We adhere to Hohner’s rule and we deem it controlling here.
Reversed; costs to await final outcome.