Allen **CHASE**

v.

**HILTON HOTELS CORPORATION.**

Civ. A. No. 87–2118.

United States District Court, E.D. Louisiana.

March 10, 1988.

Clarence F. Favret, III, Favret, Favret, Demarest & Russo, New Orleans, La., for plaintiff.

John P. Manard, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge

Plaintiff, Allen Chase, alleges that on April 26, 1986, while he was a guest in the New Orleans Hilton Hotel, he was drugged by a female acquaintance, whom he met in the hotel, and/or the bartender in the hotel's Rainforest Lounge. He alleges that as a direct result of Hilton's negligence, he lost consciousness in his room, awoke the following day to find certain money and personal possessions stolen, and suffered prostate gland and kidney damage from the drug, loss of profits to two of his business enterprises, and other damages totalling $575,000.

Defendant, Hilton Hotels Corporation (Hilton), brought a motion for partial summary judgment on the grounds that: (1) Chase is not the real party in interest to bring a claim for loss of income and, even if he were, the claim is so speculative, remote, and unrelated to the suit as to bar recovery; and (2) Article 2971 of the Louisiana Civil Code limits Hilton's liability for the value of Chase's stolen property to $500. The parties agreed to submit the matter on briefs without oral argument.

The Court will first address Chase's claim for loss of income. During Chase's deposition, his counsel made the following stipulation to clarify exactly which of a whole series of companies in which Chase was a shareholder were involved in the loss of income claim:

At this time, on behalf of Mr. Chase, we can make a stipulation that the only claim we are going to make in connection with loss of revenues or loss of income will be any loss that we can prove in connection with Mr. Chase's involvements with Who's Who—Bachelor's, Inc. d/b/a Who's Who International and the negotiation that he was having with the People's Republic of China and the potential for utilization of his Australian ranch and the ventures that were going on in China. Otherwise, the other ventures that were mentioned are waived as claims for loss of revenue at this time.

Hilton argues that Chase is not the real party in interest to claim damages for lost profits because he cannot sue individually for damages incurred by a corporation. Chase testified in his deposition that he owns 90% of the outstanding stock in Bachelor's, Inc. He further testified that due to his kidney condition, he was unable to properly manage the company causing its value to diminish. He claims that because of this depreciation in value, he was unable to declare a dividend to himself and unable to sell the stock for an appreciated value.

While it is true that an individual "plaintiff is not entitled to recover directly for the lost earnings of the company, he may recover for the reduced value of his asset, the corporate stock." *Metz v. United Technologies Corp.*, 754 F.2d 63, 70 (2d Cir.1985) (applying Louisiana law and, in particular, *Nobile v. New Orleans Public Service, Inc.*, 419 So.2d 35 (La.App. 4th Cir.1982)); *see also Wall v. First National Bank of Shreveport*, 482 So.2d 865, 867 (La.App. 2d Cir.1986) ("A shareholder cannot sue to recover damages *done to the corporation* ... [but may] allege some *direct* damage to them.") "Where plaintiff's business profits depend for the most part on the employment of capital or the labor

of others, lost profits are not a proper measure of plaintiff's loss. The business profits must be a product of the personal effort, skill or ability of the plaintiff." *Metz*, at 69. Of course, Chase must prove his loss with reasonable certainty and that it was the proximate result of his alleged injury. These questions are not ripe for summary judgment. Nevertheless, the Court seriously questions whether Chase will be able to carry his burden to show a causal connection between the alleged drug ingestion, his kidney and prostate damage, and Bachelor, Inc.'s depreciated value, if any. The Court suggests that Hilton may wish to bring a motion addressing these issues after taking the deposition of the doctor(s) who treated Chase's kidney and prostate trouble.

With regard to Chase's negotiations with the People's Republic of China, Chase testified in his deposition that he was attempting to establish a joint venture between that government and a corporate entity in Australia in which he was a shareholder. The proposed joint venture involved growing cashew nuts in Australia, with labor and technical assistance provided by Chinese citizens, and ultimate sale of the nuts in China. Although Chase is the proper party to bring a claim for his personal loss of business opportunity or loss of profits, his claim related to the proposed cashew venture is based purely on conjecture and speculation.

Under Louisiana law, damages are not recoverable where they are based on conjecture or speculation. Damages must be proved with reasonable certainty. If direct evidence is not available, the plaintiff may resort to evidence of customary or foreseeable profit. *Ellwest Stereo Theatres, Inc. v. Davilla*, 436 So.2d 1285, 1288 (La.App. 4th Cir.1983); *Al Smith's Plumbing & Heating Service, Inc. v. River Crest, Inc.*, 365 So.2d 1122, 1126 (La.App. 4th Cir.1978).

■ In the case at bar, the corporate entity, through which the proposed joint venture was to function, was never formed. Chase admitted that the venture had a one in five chance of success, at best. Based upon Chase's own testimony regarding the nominal chance of success and the speculative nature of the cashew venture, this Court finds that damages cannot be proved with reasonable certainty. In this case, there is no customary or foreseeable profit to guide us.

In addition, Louisiana law does not provide damages for alleged loss of profits from a "crop" which never commenced growing. *Harper v. O'Neal*, 363 So.2d 930, 932 (La.App. 2d Cir.1978), *writ denied*, 366 So.2d 561 (La.1979). Certainly, in the case at bar, where the crop has not even been planted, loss of profits is too speculative to permit recovery.

Finally, the Court addresses Chase's claim of theft of personal property from his hotel room. Hilton argues that La.C.C. Art. 2971 limits its liability, if any, to $500. Art. 2971 provides that:

No landlord or innkeeper, or his officers, clerks, agents, or employees shall be liable contractually or delictually under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss of cash, jewelry, rare art items, furs, cameras, or negotiable instruments sustained by such guests or party of guests by theft or otherwise, in any sum exceeding five hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.

No guest shall be held bound by the limitation of value established in this article if any of the following conditions occur:

1. The landlord or innkeeper fails to provide a safe deposit facility for valuables.

2. The landlord or innkeeper fails to conspicuously post this article in the guest room and registration area.

3. The guest avails himself of the safe deposit facility provided by the landlord or innkeeper.

There is no dispute that Hilton provided a safe deposit facility for its guests and conspicuously posted the provisions of Article 2971 in the guest rooms and registration

area. Chase did not use the safe deposit facility.

 Chase cites *Laubie v. Sonesta International Hotel Corporation,* 398 So.2d 1374 (La.1981), for the proposition that the limitation provision is not applicable where the cause of action is delictual, rather than contractual. This was indeed the holding of the Court in *Laubie,* but it was a departure from prior Louisiana jurisprudence. *See Zurich Insurance Co. v. Fairmont Roosevelt Hotel, Inc.,* 250 So.2d 94 (La. App. 4th Cir.), *writ denied,* 259 La. 875, 253 So.2d 213 (1971); *Pfenning v. Roosevelt Hotel,* 31 So.2d 31 (La.App.Orl. 1947). In 1982, the Louisiana Legislature responded to *Laubie* by amending Art. 2971 to specifically provide that the limitation provision applied to an innkeeper's delictual and contractual liability. *Peppard v. Hilton Hotels Corporation,* 482 So.2d 639 (La.App. 4th Cir.1986). Thus, Art. 2971 applies in this case to limit Hilton's liability, if any, on the following specific types of property: cash, jewelry, rare art items, furs, cameras, and negotiable instruments. The alleged stolen items covered by the Act are: the $1,000 in cash; a $100 traveler's check; and a Canon camera. Therefore, recovery, if any, as to these items is limited to $500. Chase's Piaget wristwatch and gold money clip, although properly described as jewelry, are not covered by the Act because they are ordinarily worn about the person. *See* La.C.C. Art. 2969. Chase's dictating machine, passport, credit cards, briefcase, letter case, business papers, passport case, and billfold are not covered by the Act.

Accordingly,

IT IS ORDERED that Hilton's motion for summary judgment is GRANTED IN PART and DENIED IN PART.