560 So.2d 76 (1990)
M.A. O'ROURKE
v.
HILTON HOTELS CORPORATION, et al.
No. 89-CA-1497.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
Rehearing Denied May 17, 1990.
*77 John E. Ruiz, Jr., New Orleans, for plaintiff/appellant.
G. Bruce Parkerson, Phelps, Dunbar, Marks, Claverie and Sims, New Orleans, for defendant/appellee.
Before KLEES, BYRNES and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff, M. A. O'Rourke, appeals the motion for partial summary judgment granted by the trial court, limiting recovery against defendant Hilton Hotels Corporation to $500 under La.C.C. art. 2971. We affirm the $500 limitation under article 2971, and amend and affirm the discovery rulings which were heard at the same time.
Statement of Facts
O'Rourke, was a guest at the Hilton Hotel in New Orleans on September 13, 1987, when she inadvertently left two rings in her hotel room after washing her hands. She checked out that day and proceeded back to her home in Mobile, Alabama where she noticed that her rings were missing. She immediately contacted the Hilton in New Orleans to inquire about the rings, and the Hilton completed an incident report. Subsequently, the Hilton investigated further but never located the rings, which were valued at approximately $10,000.
Thereafter, O'Rourke filed suit and the Hilton Hotel filed an Exception of No Right of Action and Partial Summary Judgment, which was set for hearing on December 9, 1988. A continuance was granted until December 16, 1988. On that day, the trial court granted the motion for summary judgment as the plaintiff attorney did not appear for oral arguments. Plaintiff requested a new trial, which was granted. On January 5, 1989, plaintiff forwarded interrogatories to defendant, along with an informal request to inspect the hotel room. Ultimately, on March 10, 1989, plaintiff filed a motion to compel discovery, and *78 mentioned the informal request for inspection. However, plaintiff never formally requested the inspection of the hotel room. At the rehearing, on March 22, 1989, the trial court granted the partial summary judgment, limiting the amount of O'Rourke's claim to $500 based upon La. C.C. art. 2971. At the same time, the trial court ruled on certain discovery motions. Those rulings also form a basis for this appeal.
A motion for summary judgment should be granted, under La.C.C.P. art. 966 only if "the pleadings, depositions, answers to interrogatories, admissions on file and affidavits if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." Thompson v. South Central Bell Telephone Co., 411 So.2d 26 (La.1982); General Electric Credit Corp. v. World Car Center, Inc., 503 So.2d 602, 604 (La.App. 4th Cir.1987). Since summary judgment is a drastic remedy, "[a]ny doubt is resolved against the granting of Summary Judgment and in favor of a trial on the merits to resolve the disputed facts." Barham & Churchill v. Campbell & Associates, 503 So.2d 576, 578 (La.App. 4th Cir.), writ denied, 503 So.2d 1018 (La.1987). However, La.C.C.P. art. 967 provides:
When a motion for summary judgment is made and supported as above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
La.C.C.P. art. 967.
Therefore, if "no counter-affidavits or receivable evidence tending to disprove any facts were presented at the hearing, the court must conclude that there is no genuine issue of material fact." Gulf South Bank & Trust Co. v. Marsh Buggies, Inc., 470 So.2d 257, 258 (La.App. 4th Cir.1985); Newman v. Burks, 442 So.2d 1274, 1275 (La.App. 4th Cir.1983).
Article 2969 v. Article 2971
Plaintiff contends that La.C.C. art. 2969 controls in this instance. Article 2969 provides:
Loss of valuables not deposited in safe. Every landlord, hotel or inn keeper who shall comply with the requirements of the preceding articles [article], shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent, for deposit, unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel; provided, however, that the provisions of this article shall not apply to a wearing watch, or such other articles of jewelry as are ordinarily worn about the person.
La.C.C. art. 2969.
Seemingly under article 2969, a watch or other article of jewelry ordinarily worn about the person would be excepted from the coverage of article 2971 and would fall within the wording of article 2969. Such was the reasoning in Chase v. Hilton Hotels Corp., 682 F.Supp. 316 (E.D.La.1988). In Chase, the court found that a wrist watch, and gold money clip were not covered by article 2971 since they were "ordinarily worn about the person" as described in La.C.C. art. 2969. Id. at 319.
However, according to La.C.C. art. 2971:
Limitation on liability of landlords and innkeepers. No landlord or innkeeper, or his officers, clerks, agents, or employees shall be liable contractually or delictually under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss of cash, jewelry, rare art items, furs, cameras, or negotiable instruments sustained by such guests or party of guests by theft or otherwise, in any sum exceeding five hundred dollars, unless by special agreement in writing with the proprietor, *79 manager, or lessee of the hotel or inn a greater liability has been contracted for.
No guest shall be held bound by the limitation of value established in this article if any of the following conditions occur:
1) The landlord or innkeeper fails to provide a safe deposit facility for valuables.
2) The landlord or innkeeper fails to conspicuously post this article in the guest room and registration area.
3) The guest avails himself of the safe deposit facility provided by the landlord or innkeeper.
La.C.C. art. 2971.
Since article 2971 specifically incorporates the proceeding six articles, which include article 2969 relied upon by plaintiff, the $500 limitation should apply even for jewelry worn about the person. Moreover, excluding the holding in Chase, supra, Louisiana courts, along with the federal courts, have consistently held jewelry, even of the type normally worn upon the person, to fall within the $500 limit of article 2971. Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La.App. 4th Cir.1986); Philip v. Fairmont-Roosevelt Hotel, Inc., 469 So.2d 1140 (La.App. 4th Cir.1985); Laubie v. Sonesta International Hotel Corp., 752 F.2d 165 (5th Cir.1985). Consequently, article 2971 applies to all jewelry, including that worn about the person.
The Guest-Innkeeper Relationship
Because Ms. O'Rourke had already checked out of the hotel the question arises whether the guest-innkeeper relationship was still in effect at the time of the actual loss. If the relationship no longer existed, then it is possible plaintiff could be considered outside the purview of article 2971. Yet, since the loss occurred at the hotel, and no one was able to determine the exact moment of loss, it was appropriate for the trial judge to find that the loss occurred when "the jewelry was left in the room while she was guest," and then apply article 2971.
Conspicuous Posting
At the heart of this dispute is whether plaintiff raises a genuine issue of material fact relating to conspicuous posting. La.C.C. art. 2971 allows an innkeeper to limit its liability to $500 only if the innkeeper provides a safe deposit facility for valuables, and conspicuously posts article 2971 in the guest room and registration area. To determine if the article has been conspicuously posted requires review of the pertinent facts. In Kraaz v. LaQuinta Motor Inns, Inc., 410 So.2d 1048 (La.1982) there was some doubt as to whether or not the article had been posted in the room, since allegedly neither the investigating officers nor the plaintiff saw the notice. Furthermore, there was no notice posted at the registration desk. Id. at 1052. Although the Kraaz court did not give guidelines to determine when the posting is conspicuous, it indicated that a notice which measured three inches by seven inches with very small print would possibly be insufficient.
According to the affidavit provided by defendant's assistant manager, in the instant case, the sign in the Hilton's lobby area during September, 1987 was eight inches tall and eight inches wide with writing 3/16 inch in size. Likewise, the notice posted in all the rooms was eight inches tall, but four and one half inches wide. The notice was silver with black print, and posted on the guest room door. Plaintiff questions whether there were any items that would have obstructed the view of the notice, and exactly where on the door the notice was posted. However, the notice was so obviously conspicuous that the issue was not raised by plaintiff until the Supplemental Memorandum in Opposition, which was filed by plaintiff only two days prior to the rehearing by the trial court. Yet, there is no affidavit, indication or allegation that plaintiff did not see the posting. Furthermore, plaintiff never formally requested an inspection of the room prior to the hearing. This want of affidavits or additional supporting information, as required by La.C. C.P. art. 967, thwarts plaintiff's attempts to create a genuine issue of material fact. Hence, the posting was sufficient to meet *80 the requirement of article 2971, since "no counter-affidavit[ ] or receivable evidence tending to disprove any facts [was] presented at the hearing." Gulf South Bank, supra, 470 So.2d at 258.
Partial Summary Judgment
The plaintiff also complains that it is an unauthorized use of the summary judgment procedure to grant a partial summary judgment limiting liability since it results in fragmentary judgments. La.C. C.P. art. 966 allows summary judgment "for all or part of the relief for which is prayed." Although a partial summary judgment is most frequently used on the issue of liability alone, there is no reason to preclude the use of article 966 to limit damages. Motions for partial summary judgment are granted for less than all the relief prayed for, however, "it is essential to the validity of a summary judgement that at least some of the relief prayed for by one of the parties is granted." Landry v. John E. Graham & Sons, Inc., 533 So.2d 975, 976 (La.App. 1st Cir.), writ denied, 534 So.2d 431 (La.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989); Katz v. Brian Investments Ltd., 542 So.2d 48 (La.App. 4th Cir.1989).
Even though the litigation will continue in this case, the scope of the trial will be more restricted due to the $500 limitation of liability. Accordingly, the partial summary judgment is appropriate in this instance.
Other Allegations of Negligence
Plaintiff further contends that the hotel committed several acts and omissions after she checked out of the hotel, and these acts are outside the scope of article 2971. However, the allegations of additional negligence raised by the plaintiff will fall within the scope of delictual liability under the language of article 2971. See also, Peppard, supra; Zurich Insurance Co. v. Fairmont Roosevelt Hotel, Inc., 250 So.2d 94 (La.App. 4th Cir.), writ ref'd, 259 La. 875, 253 So.2d 213 (La.1971); Pfennig v. Roosevelt Hotel, Inc., 31 So.2d 31 (La.App. Orl. Cir.1947).
Discovery
Several discovery issues were also addressed by the trial court. Plaintiff's primary discovery complaint focuses on the trial court's ruling that she travel to New Orleans for her deposition, at a cost of several hundred dollars. In Broda v. Jack Sutton Co., Inc., 488 So.2d 226 (La.App. 4th Cir.1986), this court examined several factors to determine if an out of state plaintiff should be required to expend substantial funds to appear for a deposition. These factors included the cost involved in the travel to Louisiana, the complexity of the case, the potential recovery, and whether any other discovery methods had been attempted. Id. at 227-28. In the present case, the cost to travel to New Orleans will only be several hundred dollars, however, the case is not complex, and the potential recovery is limited. Because of the undue expense involved and the other above mentioned factors, defendant should travel to Mobile for the deposition, or agree to pay plaintiff's expenses to travel to New Orleans. See also, Hohner v. Travelers Insurance Co., 246 So.2d 727 (La.App. 4th Cir.1971).
Plaintiff also asserts that defendant's answers to interrogatories were inadequate. The trial court did instruct defendant to answer certain questions in more detail, but also advised plaintiff to be more specific. Specifically, plaintiff is entitled to the names of the individuals servicing her room after her departure from the hotel.
Plaintiff also requests that she be allowed to inspect the guest room which she had occupied. Although no longer beneficial, plaintiff is entitled to the inspection.
Conclusion
For the above and foregoing reasons, the decision of the trial court is affirmed as to the partial summary judgment limiting defendant's liability to $500 under La.C.C. art. 2971. However, the trial court's discovery rulings are amended and affirmed as noted. Costs to await final determination by the trial court.