807 So.2d 1074 (2002)
In re MEDICAL REVIEW PANEL OF James HUGHES.
No. 2001-C-2313.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2002.
*1075 Gregory C. Weiss, Terese M. Bennett, Julie G. Hamner, Weiss & Eason, L.L.P., New Orleans, LA, Counsel for Relator.
Oscar L. Shoenfelt, III, Oscar L. Shoenfelt, III, L.L.C., Baton Rouge, LA, Counsel for Respondent.
Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR.
STEVEN R. PLOTKIN, Judge.
Relator, Dr. Dzung Dinh, seeks supervisory review of a trial court judgment denying his motion for protective order to quash the notice of his deposition. We grant supervisory review, reverse the trial court judgment in part, and remand to the trial court for reconsideration of the forum for the taking of Dr. Dinh's deposition, consistent with the standards expressed in this decision.
Plaintiff, James Hughes, filed a claim with the Louisiana Commissioner of Insurance requesting the convening of a medical review panel to determine whether Dr. Dinh, an Illinois resident, committed malpractice with regard to his neurological care and treatment of Mr. Hughes at Tulane Hospital in New Orleans in January, 1999. Concurrent with the medical review panel phase, Mr. Hughes filed a petition in district court pursuant to LSA R.S. 40:1299.47, seeking the assignment of a case number for the purpose of conducting discovery. Mr. Hughes then sought to compel Dr. Dinh's deposition in New Orleans. Dr. Dinh filed a motion for protective order, which was denied by the trial court.
Dr. Dinh's primary argument to this court is that he cannot be compelled to attend a deposition because the medical review panel phase of this litigation does not qualify as an "action" pursuant to La. C.C.P. art. 421 and 461. Thus, Dr. Dinh asserts, he is not a party defendant to an action before a court, nor has he submitted to the jurisdiction of the court, and he therefore should not be compelled to submit to discovery at his cost.
*1076 Although we acknowledge the distinction between a petition for review of a medical malpractice claim by a medical review panel and an "action," we find that it is a distinction without a difference for purposes of the issues raised in the instant writ application. The very purpose of LSA R.S. 40:1299.47 is to allow parties to a medical malpractice review panel to conduct discovery. Our acceptance of Dr. Dinh's argument would essentially prevent Mr. Hughes from being able to take advantage of the benefits of that provision. We therefore affirm the trial court's ruling insofar as it recognizes Mr. Hughes' right to take Dr. Dinh's deposition at this stage of the proceedings.
The question this court must now determine is whether Dr. Dinh may be required to travel from Illinois to New Orleans to submit to a deposition at his own cost. In order to make that determination, this court must decide whether a nonresident defendant can be required to submit to a deposition under any circumstances. Although no court has specifically addressed this issue, the Louisiana Supreme Court stated as follows in Phillips Petroleum Co. v. OKC Limited Partnership, 93-1629 (La.04/11/94), 634 So.2d 1186: "Similarly, if the nonresident were a defendant party, thus subject to the personal jurisdiction of a Louisiana court, he probably would be compelled to come to the state to give his deposition." Id. at 5, 634 So.2d at 1188, fn. 3, citing La. C.C.P. arts. 1355 and 1473. We acknowledge that that statement is dicta in the Phillips Petroleum case, which involved the question of whether a nonresident, nonparty could be subpoenaed to produce document at a deposition in Louisiana. Nevertheless, the statement is persuasive in this instance. Thus, we find that a nonresident defendant can, under some circumstances, be forced to travel to Louisiana in order to submit to a deposition.
However, this court has acknowledged in a number of cases that determination of whether a nonresident plaintiff in an action filed in Louisiana can be forced to submit to expend substantial funds to appear for a deposition in Louisiana depends on a number of factors. O'Rourke v. Hilton Hotels Corp., 560 So.2d 76 (La.App. 4 Cir.1990). "These factors include[ ] the cost involved in the travel to Louisiana, the complexity of the case, the potential recovery, and whether any other discovery methods had been attempted." O'Rourke, 560 So.2d at 80, citing Broda v. Jack Sutton Co., 488 So.2d 226 (La.App. 4th Cir.1986) and Hohner v. Travelers Insurance Co., 246 So.2d 727 (La.App. 4th Cir.1971). We hold that fundamental fairness requires that the same factors should be considered by a court considering whether a nonresident defendant should be required to travel to Louisiana to submit to a deposition.
The information contained in Dr. Dinh's writ application is insufficient to enable this court to determine whether Dr. Dinh should be compelled to travel to Louisiana to submit to a deposition in this case. Accordingly, the application for supervisory writs is granted, the trial court judgment is reversed in part, and the issue of whether Dr. Dinh may be compelled to travel to New Orleans to submit to a deposition is remanded to the trial for reconsideration consistent with the standards expressed in this decision.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED IN PART AND AFFIRMED IN PART; CASE REMANDED.