PER CURIAM.
WRIT GRANTED AND MADE PEREMPTORY.
Applicant, Frank Haynes, seeks reversal of the protective order issued by the workers’ compensation judge prohibiting him from taking the deposition of Liberty Mutual Insurance Company in Caddo Parish. Pursuant to La. C.C.P. art. 1442, the corporation designated its representative who is a resident of Texas and works in the corporation’s Irving, Texas office. Liberty Mutual Insurance Company is a defendant and has filed an answer to the plaintiffs claim. Yet, Liberty Mutual insists that the deposition must be taken in Irving, Texas.
The residence of a corporate designee for the purposes of a deposition of the corporation is not germane to the issue of the place for taking of this deposition. La. C.C.P. arts. 1436 and 1442. The witness which Haynes seeks to depose is Liberty Mutual Insurance Company. The record does not reveal whether Liberty Mutual Insurance Company is a Louisiana or foreign corporation. Nevertheless, if a Louisiana corporation, the deposition may be taken in Louisiana. If a foreign corporation, the corporation has appeared in this state by its answer to the plaintiffs claim and the deposition may be taken in the parish where service can be made pursuant to Article 1436, subject to the trial court’s power and discretion to monitor the discovery process. In re Medical Review Panel of Hughes, 2001-2313 (La.App. 4th Cir.1/23/02), 807 So.2d 1074; cf. Phillips Petroleum Co. v. OKC Limited Partnership, 93-1629 (La.4/11/94), 634 So.2d 1186, fn. 3. Accordingly, we hereby grant the writ and rescind the protective order granted on the motion of Liberty Mutual Insurance Company.